**McCOMB v. DOBSON.**
**Civ. No. 6387.**

District Court, W. D. Pennsylvania.
April 28, 1948.

William S. Tyson, Sol., U. S. Dept. of Labor, of Washington, D. C., and Ernest N. Vctaw, Regional Atty., Louis Weiner, Atty., and Francis E. Gleeson, Asst. Atty., U. S. Dept. of Labor, all of Philadelphia, Pa., for plaintiff.

Edward A. Tobias, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. That this action is brought to enforce the provisions of the Fair Labor Standards

Act of 1938, 29 U.S.C.A. § 201 et seq., and that jurisdiction of this Court is founded on said Act.

2. That the defendant is the sole owner and operator of a place of business at Pittsburgh, Pennsylvania, where he conducts a contract construction, repair and engineering business. That in April 1945 he entered into a contract with the Baltimore & Ohio Railroad Company for the repair and reconstruction of passenger and freight stations at Connellsville, Pennsylvania. That the contract for the passenger station was a "force action contract" for the cost of labor, insurance and materials plus ten percent to cover overhead and profit. That the freight station contract was a straight contract stipulating the amount of the contract. That between 1943 and 1946 defendant entered into contracts with the Baltimore & Ohio Railroad Company for the repair and reconstruction of engine pits and other facilities at the Railroad's station located at Glenwood, Pennsylvania. That these contracts were also straight contracts stipulating the amount of the contracts. That the Baltimore & Ohio Railroad Company is an essential instrumentality of interstate commerce and that the Glenwood, Pennsylvania station and the passenger and freight stations at Connellsville, Pennsylvania, are facilities of the Railroad that are used in interstate commerce.

3. That in the performance of the work at the Connellsville and Glenwood stations defendant's employees were employed in the repair and maintenance of essential instrumentalities of commerce and that all the duties performed by said employees were necessary and essential to the maintenance and repair of essential instrumentalities of commerce and were an essential and integral part of interstate commerce. That such employees of the defendant are engaged in interstate commerce within the meaning of the Fair Labor Standards Act of 1938 and that the defendant is subject to the provisions of said Act with respect to said employees.

4. That James Franklin Thomas was employed by the defendant as a bricklayer at the Connellsville job from May to November 1945 at a regular hourly rate of $1.70; that said Thomas generally worked four 10-hour days and one 9-hour day each week for a total of 49 hours; that although he worked in excess of the statutory maximum of 40 hours per workweek, he was not compensated for such overtime hours at time and one-half his regular hourly rate of pay.

5. That Reed Miller, Frank Weiss, Ray Burow, John W. Omlor, Harry H. Brown and Byron H. Brooks were employed by defendant as carpenters on the Connellsville job for varying periods from May, 1945, to February, 1946. The regular union rate of pay for carpenters in that locality was $1.25 per hour. However, by their agreement with defendant they worked 49 hours per week and were paid a straight $1.50 per hour. The $1.50 per hour, greater than the union rate, was in lieu of and greater than their overtime under the union rate and was satisfactory to them, but was not in accord with the method of determining overtime as prescribed by the Regulations as promulgated by the Administrator.

6. That Edward J. Mulvihill and James Woods were employed by the defendant as laborers and carpenter's helpers at the Connellsville job for a period of approximately 8 months during 1945 at a regular hourly rate of $1; that said Mulvihill and Woods generally worked a total of 49 hours per week; that although they worked in excess of the statutory maximum of 40 hours per workweek, they were not compensated for such overtime hours at time and one-half their regular hourly rate of pay.

7. That Roy Kreger was employed by the defendant as a foreman on the Connellsville job from May, 1945 to February 1946; that he was not paid on a guaranteed salary basis but was paid solely on an hourly basis at the regular rate of $1.75 per hour for all hours worked including hours in excess of the statutory maximum of 40 hours per workweek; that he was not qualified for an exemption as an executive employe under Regulations Part 541.1 issued pursuant to Section 13(a) (1) of the Fair Labor Standards Act of 1938.

8. See Paragraph No. 5, Findings of Fact.

9. That the defendant's payroll records for each of his said employees employed on the Connellsville job show that such employees generally worked four 9-hour days and one 10-hour day for total of 46 hours. That the said payroll records were presented by the defendant to the Wage and Hour Inspectors at the time of their inspection of defendant's business. That the defendant's invoices submitted to the Baltimore & Ohio Railroad Company for payment of labor under cost-plus contract for work at the Connellsville passenger station showed that the said employees generally worked four 10-hour days and one 9-hour day each week for a total of 49 hours actually worked. That defendant's employees actually worked four 10-hour days and one 9-hour day for a total of 49 hours.

10. That S. Beekman was employed by the defendant as a foreman on the Glenwood job from May 1945 to February 1946; that he was not paid on a guaranteed salary basis but was paid solely on an hourly basis at the regular rate of $1.75 per hour for all hours worked including hours in excess of the statutory maximum of 40 hours per workweek; that he was not qualified for an exemption as an executive employee under Regulations Part 541.1 issued pursuant to Section 13(a) (1) of the Fair Labor Standards Act of 1938.

11. All employees of defendant on the Glenwood job were paid legal overtime, except as set forth in Paragraph No. 10.

Conclusions of Law.

I. That the defendant at all material times herein was, and now is, engaged in interstate commerce within the meaning of the Fair Labor Standards Act of 1938 and that he and his employees employed on the passenger and freight stations at Connellsville, Pennsylvania, and the engine pits at Glenwood, Pennsylvania, of the Baltimore & Ohio Railroad are under the coverage of the said Act.

II. That all the employees employed by the defendant on the passenger and freight stations at Connellsville, Pennsylvania, have not been compensated for hours worked in excess of the statutory maximum of 40 hours per week at time and one-half the regular hourly rate of pay in violation of the provisions of Sections 7 and 15(a) (2) of the Act, 29 U.S.C.A. §§ 207 and 215(a) (2) during the period of their employment from May 1945 to February 1946.

III. That Roy Kreger employed on the Connellsville job was compensated solely on an hourly rate basis and not on a guaranteed salary basis and is not an executive employee as that term is defined and delimited by the Administrator of the Wage and Hour and Public Contracts Divisions in Regulations Part 541.1 issued pursuant to Section 13(a) (1) of the Act.

IV. That S. Beekman employed on the Glenwood job was compensated solely on an hourly rate basis and not on a guaranteed salary basis and is not an executive employee as that term is defined and delimited by the Administrator of the Wage and Hour and Public Contracts Divisions in Regulations Part 541.1 issued pursuant to Section 13(a) (1) of the Act.

V. That the plaintiff, having shown substantial violations of the overtime and record-keeping provisions of the Act, is entitled to a judgment enjoining and restraining the defendant, his agents, servants, employees, attorneys and all persons acting or claiming to act in his behalf and interest, from violating the Act in the future in any of the respects heretofore set forth.

VI. That the plaintiff is entitled to a judgment against the defendant for all costs incurred herein and properly taxable according to law.

Discussion.

The Administrator of the Wage and Hour Division has filed its action against E. H. Dobson, a general contractor, and prays a decree whereby he shall be enjoined from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938.

The defendant, in 1945 and 1946, was engaged in certain contracts with the Baltimore & Ohio Railroad at its stations in Connellsville and Glenwood. In dealing with his employees he is charged with working them more than 40 hours in a number of workweeks without payment of one and one-half time for overtime; and also

4

with failing to keep accurate records of the hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and the total weekly overtime excess compensation with respect to many of his employees.

■■ In the Connellsville job the testimony indicates that defendant in some instances failed to pay one and one-half compensation for overtime work. As to other employees he substantially paid such compensation, but not in the form contemplated by the Fair Labor Standards Act and the Regulations made pursuant to it. Carpenters in the Connellsville district were entitled to the union rate of $1.25 per hour. By agreement between the defendant and his carpenters the weekly work time was 49 hours. The nine hours overtime was not paid at the one and one-half time rate, but the carpenters were paid a straight $1.50 per hour for the 49 hours. This arrangement was quite satisfactory to them, as they received more than under a strict overtime statutory rate, but nevertheless was not in accordance with the Regulations and led to the Administrator's claim that the hourly rate of pay was $1.50 for a 40-hour week.

■ As to the Glenwood job, as far as the evidence shows, the defendant's bookkeeping, as between himself and his employees, was quite correct, but in reporting to the Railroad for amounts expended he did not break down the account into time and time and one-half hours, but reported the time as straight hours work. This was of no moment to the Railroad, nor is it material in this action.

■ While the violations of the statute were careless rather than wilful, injunction will issue as prayed in the Complaint.

### Decree.

And now, to wit, April 28, 1948, the Complaint of William R. McComb, Administrator of the Wage and Hour Division, United States Department of Labor, against E. H. Dobson having come on to be heard, upon consideration thereof it is ordered, adjudged and decreed that said E. H. Dobson,

his agents, servants, employees and attorneys, be, and hereby are, enjoined and restrained from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, with costs.